IN THE UNITED STATES COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SARAH M. KAVIANPOUR, M.D.,<br><br>    Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA d/b/a AUGUSTA UNIVERSITY, et al.,<br><br>    Defendants. | CASE NO. 1:20-CV-00152-MLB-RGV |

### BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA'S NOTICE OF OBJECTION TO THE DECLARATION OF JOHN LOTT AND DECLARATION OF MICHELE REED

COMES NOW Defendant Board of Regents of the University System of Georgia ("Defendant" or "BOR"), by and through counsel, the Attorney General of the State of Georgia, and submits this Notice of Objection to the Declarations of John Lott and Michele Reed ("the Declarations"), which were filed in support of Plaintiff's Motion for Summary Judgment. (Doc. 209-8; Doc. 209-17.)

### I.    INTRODUCTION

When John Lott and Michele Reed became involved in this matter, Plaintiff had already: failed her pre-employment drug screen; received counseling for

1

performance issues in October of 2018; failed to appear for a drug test in November of 2018; been arrested for driving under the influence of alcohol in November of 2018; missed a drug test in January of 2019; missed a drug test in February of 2019; been suspended from AUMC; terminated from AU; advised of her grievance options; and proceeded through an employee grievance hearing, which upheld her termination. In other words, the Declarations contain little material information bearing upon Plaintiff – or Defendant's – motions for summary judgment. Consequently, the declarations should be disregarded.

However, to the extent the Declarations are considered, both contain objectionable assertions. The Lott Declaration is an apparent attempt to back-door impermissible and unnecessary expert testimony – plus numerous improper legal conclusions, and the Reed Declaration contains hearsay. For these additional reasons, the Declarations should not be considered.

## II. Argument and Citation of Authority

Objections are the appropriate vehicle for challenging affidavits submitted in support of a motion for summary judgment. *Morgan v. Sears, Roebuck & Co.*, 700 F. Supp. 1574, 1576 (N.D. Ga. 1988) ("Rather than filing a motion to strike as under Rule 12, the proper method for challenging the admissibility of evidence in an affidavit is to file a notice of objection to the challenged testimony.").

A.     The Declarations are Irrelevant and Immaterial

Lott and Reed became involved in this matter in June or July of 2019, months after Plaintiff's termination. (Docs. 209-8, p. 2; 209-17, p. 3). While both the Declarations contain speculative, vague, and foundationally baseless assertions, as well as assertions with no apparent connection to this lawsuit, ultimately, neither contain relevant information for consideration at summary judgment.

After clearing away deficient assertions and assuming the remaining assertions are accurate, at most, the Declarations stand for the proposition that – in July of 2019 – AU admitted the drug testing protocol was not in accordance with policy. Not only is this testimony duplicative of evidence from individuals *with* personal knowledge, but it is also useless because a policy violation does not establish discriminatory or retaliatory intent. *See Crutcher v. Millennium Nursing & Rehab Ctr., Inc.,* 2012 U.S. Dist. LEXIS 53697, 85 (N.D. Ala. 2012) ("Deviation from policy, on its own, does not demonstrate discriminatory animus; '[t]o establish pretext, a plaintiff must show that the deviation from the policy occurred in a discriminatory manner.'"); *Nix v. WLCY Radio/Rahall Commc'ns*, 738 F.2d 1181, 1187 (11th Cir. 1984) (an employer may terminate an employee "for a good reason, a bad reason, a reason based on erroneous facts, or for no reason at all, as long as its action is not for a discriminatory reason.").

3

In other words, the Declarations may confirm some evidence already in the record. However, especially considering neither Lott nor Reed were involved in the matter until several months after Plaintiff's termination, the Declarations cannot refute Defendant's legitimate non-discriminatory reasons for implementing the drug testing protocol and, ultimately, terminating Plaintiff's employment.

B.   The Declaration of John Lott should be disregarded as an untimely attempt to introduce expert witness testimony.[1]

In his declaration, Lott repeatedly references his experience, and claims to be "nationally recognized subject matter expert in Compliance, Privacy, and Risk Management." As such, it appears Plaintiff is attempting to rely on impermissible expert witness testimony to support her motion for summary judgment.

Lay witness testimony is limited to opinions "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701. The Lott Declaration goes beyond the bounds of Rule 701(c) as it relies on "specialized knowledge within the scope of Rule 702." *Id.* Because John Lott was not disclosed as an expert witness under Federal Rule of Civil Procedure 26(a)(2)(A), Local Rule

---

[1] Defendant does not concede: Mr. Lott qualifies as an expert in any subject matter; expert testimony is relevant; or that expert testimony would assist the trier of fact.

4

26.2(C) for the Northern District of Georgia, and this Court's operative Scheduling Order, his untimely expert testimony should be excluded.

The Declaration of John Lott is an attempt to "evade the expert witness disclosure requirements set forth in Fed.R.Civ.P. 26… by simply calling an expert witness in the guise of a layperson," which is exactly what Rule 701 seeks to avoid. *Sanchez-Knutson v. Ford Motor Co.*, 2016 U.S. Dist. LEXIS 123237, *8-9 (S.D. Fla. 2016). But the guise only goes as far as the Plaintiff's submission of the Declaration without previously designating John Lott as an expert witness.

The Declaration itself paints Mr. Lott as an expert, as his introduction states, "I am a nationally certified expert in compliance" and "I am a Compliance Officer and a nationally recognized subject matter expert in Compliance, Privacy, and Risk Management. I speak at conferences and events on these issues." (Doc. 209-8, p. 3, ¶¶ 4-5.). The Declaration goes "beyond the scope allowed a lay witness," reflecting Lott's expert opinions about whether Defendant and Defendant's employees were in compliance with various policies, regulations, and laws. *United States v. Holland*, 722 F. App'x 919, 928 (11th Cir. 2018); *see* (Doc. 209-8, pp. 7-20, ¶¶ 24-25, 29, 31-40, 45-46, 63, 66, 69-70, 73, 78-79, 81-82, 84, 86.). Lott's Declaration "clearly has its genesis in 'a process of reasoning which can be mastered only by specialists in a field' and is therefore best reserved for a properly qualified expert witness." *Holland*, 722 F. App'x at 928 (quoting Fed. R. Civ. P. 701 advisory

committee's note to 2010 amendment). Because the Declaration of John Lott goes beyond his lay opinions and provides testimony based on specialized knowledge governed by Rule 702, Defendant objects to this untimely expert testimony.

The Court's operative Scheduling Order requires that Plaintiff identify any experts and the subject of their testimony by December 31, 2021. (Doc. 120.) Pursuant to Rule 37(c), if a party fails to identify a witness as required by Rules 26(a) or (e), "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Because John Lott was not timely designated as an expert witness and Plaintiff now seeks to provide his untimely expert opinions in support of Plaintiff's Motion for Summary Judgment, the Declaration of John Lott should be disregarded.

  C. <u>The assertions in the Declaration of John Lott that are legal conclusions should be disregarded.</u>

Regardless of whether Lott was designated as an expert witness, constitutes an expert witness, or is considered a lay witness, "all witnesses 'are prohibited from testifying as to questions of law regarding the interpretation of a statute, meaning of the terms in a statute, or the legality of conduct.'" *R.W. v. Bd. of Regents of the Univ. Sys. of Ga.*, 114 F.Supp. 3d. 1260, 1274 (N.D. Ga. 2015) (*quoting Dahlgren v. Muldrow*, 2008 U.S. Dist. LEXIS 4103, *5 (N.D. Fla. 2018). *See also Montgomery v. Aetna Cas. & Sur. Co.*, 898 F.2d 1537, 1541 (11th Cir.

1990) (Even if properly characterized as a lay witness, Lott "may not testify to the legal implications of conduct."); *Ojeda v. Louisville Ladder, Inc.*, 410 F. App'x 213 (11th Cir. 2010) (finding legal conclusions would be inadmissible at trial as lay witness testimony under Fed. R. Evid. 701(c)).

As such, portions of the Lott Declaration "should be excluded because the opinions voiced therein express inadmissible legal opinions and factual findings that invade the province of the factfinder." *Plantation Pipeline Co. v. Cont'l Cas. Co.*, 2008 U.S. Dist. LEXIS 109216, at *21 (N.D. Ga. July 31, 2008). Specifically, Defendant objects to the following portions of the Lott Declaration as improper:

- Claim that Plaintiff "engaged in protected activity on multiple occasions" within the meaning of a whistleblower retaliation claim, (Doc 209-8, p.7, ¶ 24; Doc. 209-8, p.7, ¶ 25);

- Claim that Defendant employees had not "complied with applicable policies and the law," (Doc. 209-8, p.9, ¶ 32);

- Characterization of actions taken as "adverse" to Plaintiff within the meaning of a whistleblower retaliation claim, (Doc 209-8, p.7, ¶ 24; Doc 209-8, p.9, ¶¶ 33-34);

- Claim that Defendant employees violated the "48-hour rule" (Doc. 209-8, p. 7, ¶ 26, 29, 40);

7

- Assertion that Plaintiff "satisfied the first two elements of a prima facie case of whistleblower retaliation," (Doc. 209-8, p.9, ¶ 35);

- Claim that an email "proved the causal connection" within the meaning of a whistleblower retaliation claim, (Doc. 209-8, p.9, ¶ 36);

- Characterization of protocols as "violat[ing] the civil rights and contractual rights" of Plaintiff, (Doc. 209-8, p.10, ¶ 38);

- Claim that Plaintiff engaged in "further protected activity" within the meaning of a whistleblower retaliation claim, (Doc 209-8, p.7, ¶ 24; Doc. 209-8, p.10, ¶ 39);

- Interpretation of that policies were not "up to date with applicable University System of Georgia Policies, Georgia state laws, and federal laws" (Doc. 209-8, p. 11, ¶ 45);

- Claim that Plaintiff "was engaging in protected activity that exposed that Augusta University knew for five years that their policies were non-compliant with the law," (Doc. 209-8, pp.11-12, ¶ 46);

- Belief that Defendant's alleged actions "may have violated the law" (Doc. 209-8, p.14, ¶ 63);

- Characterization of Defendant employee's actions as "professional malpractice" (Doc. 209-8, p.15, ¶ 66);

8

- Description of Defendant employee's actions as "procur[ing] Dr. Kavianpour's urine samples by misrepresentation of her authority under the 'color of law', and it was dangerously close to theft by deception," (Doc. 209-8, p.16, ¶ 69);

- Implication that "negligent misrepresentation or a fraudulent misrepresentation" had occurred, (Doc. 209-8, p.15, ¶ 70);

- Claim that Defendant employee's actions "could be fraud against an insurance company," (Doc. 209-8, p.17, ¶ 73);

- Characterization of drug testing as "illegal" and claim that "everything that stemmed from this illegal testing was fruit of the poisonous tree," (Doc. 209-8, p.19, ¶ 79; (Doc. 209-8, p.19, ¶ 80); and

- Characterizing Defendant employee's statements as "defamatory," (Doc. 209-8, p.24, ¶ 105).

Lott's inadmissible and unfounded legal opinions have no place in a motion for summary judgment. "The Court cannot allow expert evidence, even well-qualified and un-rebutted, to supplant its role as the arbiter of the law in this case." *Ellison v. Hobbs*, 334 F. Supp. 3d 1328, 1349 n.10 (N.D. Ga. 2018) (describing as inadmissible legal conclusions about whether "Defendants effected a lawful seizure, whether they complied with Georgia law, and whether their actions were

9

otherwise reasonable"). Therefore, the portions of his Declaration which invade on the province of this Court should not be considered at summary judgment.

> D. <u>The assertion in the Declaration of Michele Reed that would not be admissible in evidence at trial should be disregarded.</u>

The Federal Rules of Civil Procedure require that "[a]n affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). Paragraph 19 of the Declaration of Michele Reed contains hearsay statements that would not be admissible in evidence.

"The general rule is that inadmissible hearsay cannot be considered on a motion for summary judgment." *Jones v. UPS Ground Freight*, 683 F.3d 1283, 1293 (11th Cir. 2012) (quoting *Macuba v. DeBoer*, 193 F.3d 1316, 1322 (11th Cir. 1999). The Eleventh Circuit has held that "a district court may consider a hearsay statement in passing on a motion for summary judgment if the statement could be reduced to admissible evidence at trial or reduced to admissible form." *Macuba*, 193 F.3d at 1323 (internal quotations omitted).

The Declaration of Michele Reed states, "I heard [John Lott] was no longer employed based upon what Clay Sprouse communicated to the ACERM team since he was the Interim supervisor. I heard through Clay Sprouse and others at AU that Debra Arnold had complained about John Lott." (Doc. 209-17, p. 6, ¶19.)

10

This statement contains hearsay and is not admissible under any exceptions provided by Federal Rules of Evidence 801, 803, or 804. As such, it should be disregarded on summary judgment.

### III.  Conclusion

For these reasons, Defendant objects to the Declaration of John Lott and the Declaration of Michele Reed and requests that the statements be disregarded.

Respectfully submitted, this 5th day of August, 2022.

|  |  |
|---|---|
| CHRISTOPHER M. CARR<br>Attorney General | 112505 |
| BRYAN K. WEBB<br>Deputy Attorney General | 743580 |
| KATHERINE P. STOFF<br>Senior Assistant Attorney General | 536807 |
| *s/ Ryan A. Kolb*<br>RYAN A. KOLB<br>Assistant Attorney General | 204207 |

Please address all
communications to:

RYAN A. KOLB
Assistant Attorney General
Georgia Department of Law
40 Capital Square, S.W.
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3395
Fax: (404) 657-9932
Email: rkolb@law.ga.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 5, 2022, I caused to be electronically filed the foregoing **DEFENDANT BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA'S NOTICE OF OBJECTION TO THE DECLARATION OF JOHN LOTT AND DECLARATION OF MICHELE REED** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

John Paul Batson jpbatson@aol.com

Anita K. Balasubramanian abala@buckleybeal.com

Edward D. Buckley edbuckley@buckleybeal.com

Elliott Coward ecoward@mmmlaw.com

Robert C. Threlkeld rthrelkeld@mmmlaw.com

s/ *Ryan A. Kolb*
Ryan A. Kolb
Assistant Attorney General

Georgia Department of Law
40 Capital Square SW
Atlanta, Georgia 30334-1300
Telephone: (404) 458-3395
Fax: (404) 657-9932
Email: rkolb@law.ga.gov